**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Civil Action Number:

ANDRES GOMEZ,

      Plaintiff,

vs.

SAM ASH MUSIC CORPORATION and
SAM ASH FLORIDA MEGASTORES, LLC,

      Defendants

---

## COMPLAINT

---

    COMES NOW Plaintiff Andres Gomez, by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Sam Ash Music Corporation and Defendant Sam Ash Florida Megastores, LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s12181-12189 ("ADA"), 28 C.F.R. Part 36 and alleges as follows:

## <u>INTRODUCTORY STATEMENT</u>

    1.    Plaintiff Andres Gomez brings this action in Federal Court to stop the marginalization of blind, vision impaired, and low vision patrons of Defendant Sam Ash Music Corporation and Defendant Sam Ash Florida Megastores, LLC's website (which is an extension of Sam Ash retail stores)within the jurisdiction of this court and throughout the United States of America, where the groundbreaking civil rights law "the American with Disabilities Act" has been the law of the land for over twenty-six years.

2.      Companies operating on internet twenty years (20) after consumers starting using the internet to better their lives, business and governments have to make decisions on whether to be inclusive, or to exclude people.

3.      When the owners and operators of a website do not take the steps necessary to notice people of their website's limitations or to provide programming that works (interfaces) with universal screens readers[1], they are not only disrespecting the disabled community, but they are actively excluding these same disabled people from their business, which in fact segregates the disabled into being non-participants, ie: second-class citizens.

4.      When websites are not fully accessible to all, it's essentially a bad business practice, a detriment to theirs stakeholders, the disabled, and society.

5.      In a world of increasing number of low vision and blind individuals that is expected to double by 2050, it is essential that low vision and blind individuals are not excluded from society and segregated in area of web commerce.

6.      This case arises out the fact that Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have operated its business in a manner and way that completely excludes individuals with disabilities who are visually impaired from enjoying and visiting their business, place of public accommodation, namely the Defendants' website www.samash.com.

7.      Defendant Sam Ash Florida Megastores, LLC owns and operates places of public accommodation which are musical instrument stores (retail stores) under the brand name "Sam Ash." Sam Ash music stores offer for sale to the general public musical

---

[1] A "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

instruments, electronic sound equipment used in conjunction with musical performances, lighting used in conjunction with musical performances, and headphones. Heretofore referenced as "Sam Ash merchandise."

8.      Defendant Sam Ash Corporation owns and operates a place of public accommodation which is the website www.samash.com.  The website www.samash.com ("website") is directly connected to Sam Ash music stores since the website provides a site locator to the both Defendants' Sam Ash music store locations (places of public accommodation). Thus, www.samash.com has a true nexus to both of the Defendants Sam Ash music stores.

9.      This complaint seeks declaratory and injunctive relief to correct the Defendant's policies and practices, to include measures necessary to ensure compliance with federal law, to include monitoring of such measures, and to update and remove accessibility barriers on the Defendant's www.samash.com website so that the Plaintiff (and other individuals who are visually impaired and who cannot access and comprehend the websites that operate therein without the aid of assistive technology) will be able to independently and privately use the Defendant's www.samash.com website. This complaint also seeks compensatory damages to compensate the Plaintiff for having been subjected to unlawful discrimination.

10.     This is an action to put an end to civil rights violations committed by Defendants Sam Ash Florida Megastores, LLC and Sam Ash Music Corporation against individuals with disabilities who are visually impaired and who cannot access and comprehend the internet and the websites that operate therein without the aid of assistive technology.

3

## JURISDICTION & VENUE

11.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. § 1331, and 28 C.F.R. § 36.201.

12.     This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Sam Ash merchandise online.

13.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because Defendant Sam Ash Florida Megastores, LLC is incorporated and authorized to conduct business within the state of Florida, and Defendant Sam Ash Music Corporation is conducting, business within the within the jurisdiction of this court by virtue of the fact its website www.samash.com is available to the general public within this district,  and the acts constituting the violation of the ADA occurred in this District.

14.     Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§s 2201 and 2202.

## THE PARTIES

**Andres Gomez**

15.     Plaintiff Andres Gomez ("Plaintiff," or "Plaintiff Gomez") is a resident of the state of Florida and resides within the Southern judicial district, is *sui juris*, is disabled as defined by the ADA and the Rehabilitation Act.

16.     Plaintiff Gomez is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).   Plaintiff Gomez suffers from macular degeneration and therefore is substantially limited in performing one or more

major life activities, including but not limited to accurately visualizing his world, adequately traversing obstacles and walking without assistance.

17.     Plaintiff Gomez cannot use the computer without the assistance of screen reader software.

**Sam Ash Music Corporation**

18.     Defendant Sam Ash Music Corporation is the owner and operator of a chain of music stores under the brand name "Sam Ash."  Defendant Sam Ash Corporation is the largest owner and operator of musical instrument stores in the United States. Sam Ash music stores sell a variety of musical instruments, lighting equipment, sound equipment, headphones and other music-related accessories.

19.     Sam Ash Music Corporation offers for sale Sam Ash merchandise though its website www.samash.com, which is available to the general public in Florida.

**Sam Ash Florida Megastores, LLC**

20.     Defendant Sam Ash Florida Megastores, LLC is a subsidiary of Sam Ash Music Corporation, and is the operator the Sam Ash music stores within the State of Florida.

## FACTS

21.     The Defendants Sam Ash Music Corporation and Sam Ash Florida Megastores, LLC are both defined as a "public accommodation" because they are entities which own and operates an chain of large scale music stores under the brand name "Sam Ash," each of which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2). Each of the

Defendants' Sam Ash music stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36. The Defendant's  Sam Ash music stores are also referenced throughout as "place(s) of public accommodation," "Sam Ash music stores."

22.     Defendant Sam Ash Music Corporation is defined as a "public accommodation" because it operates the website www.samash.com which is a "Place of Public Accommodation" which is defined as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104. (2). The website www.samash.com is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. Part 36.

23.     The website www.samash.com provides the general public information including but not limited to information on the various locations of the Defendant Sam Ash Florida Megastores, LLC music stores throughout Florida and Sam Ash Corporation's music stores throughout the United States.  Since the www.samash.com website allows the general public the ability to locate Sam Ash music store locations, the website is an extension of the Defendant Sam Ash Florida Megastores, LLC's Sam Ash music stores, as well as an extension of the Defendant Sam Ash Music Corporation's music stores. Therefore, the website has a direct nexus between the website and both Defendants physical sales locations; hence the website is also characterized as a place of public accommodation; 42 U.S.C. § 12181(7)(E).

24.     The www.samash.com website also allows the general public access to purchase online a wide range of musical instruments, headphones, sound mixers, and

other ancillary musical equipment. As such, the website is a sales establishment, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(E) and must comply with the ADA. This means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the services afforded to the general public.  As such, the Defendants have subjected themselves and the www.samash.com website to the Americans with Disabilities Act ("ADA").[2]

25.     Plaintiff Gomez frequently utilizes the internet. In order to comprehend information available on the internet and access/comprehend websites, Plaintiff Gomez uses commercially available screen reader software to interface with the various websites.

26.     In order to comprehend the Defendant's website and to become informed of Sam Ash merchandise (which other members of the general public may order online), Plaintiff Gomez must use screen reader software.

27.     Buying and ordering Sam Ash merchandise sold online and having those purchases delivered to one's home is a highly sought after accommodation that helps improve the lives of vision impaired people such as the Plaintiff (and thousands of others like him), and helps them integrate and participate in society.

28.     Like most of us, Plaintiff Gomez accesses several websites at a time to compares good and prices.  When shopping online, the Plaintiff may look at several dozen websites to compare features, styles, and prices.

---

[2] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." ( See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice  - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

29.    Plaintiff Gomez is a customer who is interested in purchasing Sam Ash merchandise which is offered through Sam Ash music stores and through the website www.samash.com. The opportunity to shop for audio equipment and headphones from his home is an important accommodation for the Plaintiff, because traveling outside the home as a blind individual is a difficult and frightening experience.

30.    During July 2016, the Plaintiff attempted on several occasions to utilize the www.samash.com website to browse through the Sam Ash merchandise with the intent of making a purchase.   The Plaintiff utilizes JAWS Screen Reader software (hereinafter referenced as "screen reader software"), which is the most popular screen reader software utilized worldwide as it allows individuals who are visually impaired to comprehend information available on the internet and access websites.

31.    However, the www.samash.com website did not integrate with Plaintiff's screen reader software, nor was there any function within the website to permit access for visually impaired through other means.

32.    The Defendant's website contains access barriers that prevent free and full use by visually impaired individuals using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

33.    The Defendant's website also lacks prompting information and accommodations necessary to allow visually impaired individuals who use screen reader software to locate and accurately fill-out online forms. On a shopping website such as www.samash.com, these forms include search fields to locate products, fields that specify

the number of items desired, and fields used to fill-out personal information, including address and credit card information. Due to the lack of adequate labeling, visually impaired customers cannot easily make purchases or inquiries as to Sam Ash merchandise, nor can they enter their personal identification and financial information with confidence and security.

34.    Plaintiff Gomez attempted to locate any *Accessibility Notice* or any information relating to the website's future accessibility plans or information regarding contacting the Defendant Sam Ash Florida Megastores, LLC or Defendant Sam Ash Music Corporation to alert the Defendants to the inaccessibility of www.samash.com, but was unable to do so, because no such link or notice was provided[3].

35.    Due to the fact that the Plaintiff could not access the www.samash.com website, the Plaintiff felt as if another door had been slammed in his face, as he is/was unable to participate in the shopping experience online at the www.samash.com website as experienced by the general public, 26 years after the Title III of the ADA was enacted and which promised to remove such barriers.

36.    Plaintiff Gomez and others of low vision want to patronize the www.samash.com website, but are unable to do so due to their vision impairment because the website has not been designed to accommodate low vision people.  Thus, the Plaintiff and others will continue to suffer irreparable injury from the Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

---

[3] Other online retailers have taken steps  to notice and inform disabled users of their website programming plans and have direct email / toll free numbers to enable contact with the retailer e.g.
http://www.starbucks.com/about-us/company-information/online-policies/web-accessibility
http://www.tiffany.com/Service/Accessibility.aspx?isMenu=1&
http://www.potbelly.com/Company/Accessibility.aspx

37.     The www.samash.com website did\does not offer an adequate system to permit a disabled person with a visual impairment (who requires screen reader software) to comprehend its website in an effective manner.

38.     The www.samash.com website is\was not designed and programmed to interface with commercially available screen reader software for disabled individuals who are visually impaired in the same manner as the website is offered to the general public.

39.     The www.samash.com website is\was so poorly functional for visually impaired individuals who require screen reader software, that any utilization of the website contains barriers that prevent full and equal use (of the website) by individuals with disabilities who are visually impaired.

40.     On information and belief, neither Defendant has initiated a Web Accessibility Policy to insure full and equal use of the www.samash.com website by individuals with disabilities.

41.     On information and belief, neither Defendant has instituted a Web Accessibility Committee to insure full and equal use of the www.samash.com website by individuals with disabilities.

42.     On information and belief, neither Defendant has designated an employee as a Web Accessibility Coordinator to insure full and equal use of the www.samash.com website by individuals with disabilities.

43.     On information and belief, neither Defendant has instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of the www.samash.com website by individuals with disabilities.

44.     On information and belief, neither Defendant has instituted a User Accessibility Testing Group to insure full and equal use of the www.samash.com website by individuals with disabilities.

45.     On information and belief, neither Defendant has instituted a Bug Fix Priority Policy.

46.     On information and belief, neither Defendant has instituted an Automated Web Accessibility Testing program.

47.     On information and belief, neither Defendant has created and instituted a Specialized Customer Assistance line, nor service, or email contact mode for customer assistance for the visually impaired.

48.     On information and belief, neither Defendant has created and instituted on www.samash.com a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how the Defendants will have the www.samash.com website, Applications, and Digital Assets accessible to the visually impaired community.

49.     On information and belief, the www.samash.com website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility[4].

50.     On information and belief, neither Defendant has a Web Accessibility Policy.

51.     On information and belief, the Defendants have not disclosed to the public any intended 1) audits, 2) changes, or 3) lawsuits to correct the inaccessibility of their

---

[4] developed by the Web Accessibility Initiative (WAI) working group of the World Wide Web Consortium which defined how to make Web content more accessible to people with disabilities (W3C)

website vis-a-vis disabled individuals who are visually impaired who want the safety and privacy of purchasing products online from their homes like other Americans.

52.     Thus, neither Defendant Sam Ash Florida Megastores, LLC or Defendant Sam Ash Music Corporation have provided full and equal enjoyment of the services, facilities, privileges, advantages and accommodations provided by and through the website www.samash.com.

53.     Under the ADA, all places of public accommodation must ensure that the disabled individuals enjoy full and equal enjoyment of its goods and services by making reasonable modifications to its services and sales policies and procedures.

54.     Public Accommodations that use the Internet for communications regarding their programs, goods or services, must offer those communications through adequate accessible means as well.

55.     For many individuals with disabilities who are limited in their ability to travel outside their home, the internet is one of the few available means of access to the goods and services in our society with safety and in dealing with terms of their disability.

56.     The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, The broad mandate of the ADA to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet websites, such as the www.samash.com website, where they have a direct connection.

57.     On information and belief, Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation are aware of these common access barriers within its website which prevent individuals with disabilities who are visually impaired from the means to comprehend the www.samash.com website to become informed of the Sam Ash merchandise available in Sam Ash music stores and available for purchase online.

58.     On information and belief, Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation are aware of need to provide full access to all visitors of their website.[5]

59.     Such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired.

60.     Such barriers result in punishment and isolation of blind and low vision from the rest of society.

61.     Thus, Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have refused to make their website accessible to individuals with disabilities who are visually impaired.

62.     According to Statistic Brain Research Institute[6], in 2014, online sales in the United States exceeded $304 Billion U.S. Dollars. On average, 87% of Americans that have browsed online stores such as www.samash.com and have made an internet

---

[5] Major Retailing Trade Magazines have been publishing articles to alert retailer of the need to update their websites in light of current legal trends and cases e.g (www.internetretailer.com/2016/04/01/web-accessibility-what-e-retailers-need-know) (www.retailingtoday.com/article/lawsuit-highlights-importance-ada-compliance)
[6] US Commerce Department, Forrester Research date: October 9, 2014, See http://www.statisticbrain.com/total-online-sales/

purchase, while 57% of Americans that have browsed online stores have made a purchase multiple times.

63.     According to the National Federation for the Blind[7], there are 6,670,300 Americans with visual disabilities.

64.     The National Federation for the Blind has also reported that there are 434,600 Americans with visual disabilities living within the state of Florida.

65.     Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have failed to provide any mechanism by which to adequately serve visually impaired individuals such as the Plaintiff. The Defendants are operating in violation of Plaintiff Gomez's rights as protected by the ADA and is entitled to injunctive relief. 42 U.S.C. §12188.

66.     Plaintiff Gomez has no adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means to secure adequate redress from the Defendants' unlawful and discriminatory practices.

67.     Plaintiff Gomez and others will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by the court.

68.     Notice to the Defendants is not required as a result of the Defendants' failure to cure the violations. Enforcement of the Plaintiff's rights is right and just pursuant to 28 U.S.C. §§s 2201, 2202.

---

[7] Statistics for 2012, see http://www.NFB.org/blindness-statistics

69.     The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

70.     Plaintiff Gomez re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-69 above.

71.     The Department of Justice has long taken the position that both State and local government websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities[8].

72.     As a result of the inaccessibility of the www.samash.com website and by the barriers to access in the website (when removal of those barriers is readily achievable), Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have denied individuals with disabilities who are visually impaired full and equal enjoyment of the information and services that the Defendants have made available to the general public on its website www.samash.com, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq.

73.     Pursuant to 42 U.S.C. §12181(7)(E), www.samash.com is a *place of public accommodation* under the ADA because it provides the general public with the

---

[8] See: Statement of Eve Hill Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

ability to purchase Sam Ash merchandise online (while it also serves to assist the general public in locating Sam Ash music stores).

74.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

75.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

76.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

77.     As such, Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation's website must be in compliance with the ADA.  However,

website is\was not in compliance with the ADA.  Plaintiff Gomez has suffered an injury in fact because of the website's (and Defendants') non-compliance with the ADA.

78.     Types of website programming errors include (but are not limited to) *Programming Error Types* ("PETs"), which are easily identifiable and correctable, and *Programing Alert Error Types* ("PATs"), which are prone to making the website inaccessible.

79.     A sampling review of just part of the Defendants' website revealed that the website is not functional for users who are visually impaired.  The Defendants' website contains several types of PETs (easily identifiable and correctable), which occur throughout the website such as:

1) The language of the document is not identified,
2) Image alternative text is not present, and
3) A form control does not have a corresponding label.

80.     Further, the Defendants' website contains various types of PATs (prone to making the website inaccessible), which occur throughout the website, such as:

1) Alternative text is likely insufficient or contains extraneous information,
2) An event handler is present that may not be accessible,
3) A heading level is skipped,
4) Flash content is present,
5) Adjacent links go to the same URL,
6) A link contains no text, and
7) Alternative text is likely insufficient or contains extraneous information.

81.     More violations may be present on other pages of the website, and they will be determined and proven through the discovery process.

82.     Further, the Defendants' website did\does not offer include the universal symbol for the disabled[9] which would permit disabled individuals to access the www.samash.com website's accessibility information and accessibility facts.

83.     Therefore, due to the Plaintiff's disability and the Defendants' failure to have the www.samash.com website adequately accessible to individuals with visual impairments, the Plaintiff was unable to comprehend the www.samash.com website.

84.     Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have violated the ADA (and continue to violate the ADA) by denying access to www.samash.com to individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access internet websites. These violations within the Defendants' www.samash.com website are ongoing.

85.     As a result of the Defendants' inadequate development and administration of www.samash.com, Plaintiff Gomez is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

86.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Gomez injunctive relief; including an order to:

a) Require the Defendants to adopt and implement a web accessibility policy to make publically available and directly link from the homepage of www.samash.com to a statement as to the Defendants' policy to ensure persons with disabilities have full and equal enjoyment of the services,

---

[9]  ™, or HTML "Accessibility" link for those individuals who are visually impaired

facilities, privileges, advantages, and accommodations through its website, and

b) Require Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation to cease and desist discriminatory practices and if necessary to cease and desist operations of the website known as www.samash.com until the requisite modifications are made such that its website becomes equally accessible to persons with disabilities.

87.     Plaintiff Andres Gomez has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff Andres Gomez is entitled to have reasonable attorney's fees, costs, and expenses paid by Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation.

WHEREFORE Plaintiff Andres Gomez hereby demands judgment against Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation and requests the following injunctive and declaratory relief:

a)      The Court to declare the Terms of Use as delineated on the website www.samash.com null and void and rescinded and not applicable to the Plaintiff, due to the inaccessibility of the website for visually impaired individuals such as the Plaintiff who have no means to comprehend said Terms of Use;

b)      The Court to declare that the privacy rights of the Plaintiff have been violated by the unwarranted and unauthorized software and analytics that have been placed on Plaintiff's computer without his consent;

c)      The Court issue a declaratory judgment that Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation have violated the Plaintiff's rights as guaranteed by the ADA;

d)      The Court enter an Order granting temporary, preliminary and permanent injunction prohibiting Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation from operating the website www.samash.com without adequate accommodation for the visually impaired community;

e)      The Court enter an Order requiring the Defendants tto update website to remove barriers in order that individuals with visual disabilities can access the website to the full extent required by the Title III of the ADA;

f)      The Court enter an Order requiring the website www.samash.com to clearly display the universal disabled logo[10], wherein the logo would lead to a page which would state the Defendants' accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the www.samash.com website;

g)      The Court enter an order requiring Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

---

[10] 

h)      The Court enter an Order directing Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation to evaluate their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the www.samash.com website.

i)      The Court enter an Order directing Defendant Sam Ash Florida Megastores, LLC and Defendant Sam Ash Music Corporation to establish a policy of web accessibility and accessibility features for the website known as www.samash.com.

j)      The Court award reasonable attorney's fees, damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

k)      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of August, 2016.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*